L. A. ANDREW, Superintendent of Banking, Plaintiff, v. AMERICAN SAVINGS BANK AND TRUST COMPANY, Defendant.

IN RE CLAIM No. 646 of J. W. WALSH (C. H. WALSH, substituted as Trustee), Appellant, L. A. ANDREW, Receiver, Appellee.

No. 42119.

FEBRUARY 12, 1935.

REHEARING DENIED JUNE 21, 1935.

LaMonte Cowles and M. A. Walsh, for appellant.

Lane & Waterman, Jas. W. Bollinger, and A. W. Hamann, for appellee.

POWERS, J.—Appellant owned three hundred sixty shares of the capital stock of the Citizens Trust & Savings Bank of Davenport, Iowa. On the 27th day of April, 1931, that bank and the American Commercial & Savings Bank of Davenport, Iowa, entered into a contract, subject to the approval of their stockholders, called a contract of merger consolidation and capital readjustment. These banking institutions will be referred to herein as the Citizens Bank and the American Bank, respectively. This so-called merger contract provided that the American Bank was to purchase all the assets of the Citizens Bank, subject to the liabilities of said bank, on the basis of paying to the stockholders of the Citizens Bank a liquidating dividend of $160 per share. The contract further provided, however, that the stockholders of the Citizens Bank, collectively, were to purchase an aggregate of not less than nine hundred twenty-three shares of the additional capital stock of the American Bank at $260 per share, and that the liquidating dividend payable to the stockholders of the Citizens Bank, who subscribed for stock in the American Bank, should be applied first, on the stock subscription.

A stockholders meeting was called by each of the banking institutions to be held on the 29th day of May, 1931, to approve that contract. Prior to that date, and on or about the 23d day of May, the appellant signed a proxy authorizing the officers of the Citizens Bank to vote his stock at this stockholders meeting and at the same time signed a subscription for two hundred twenty-three shares of the additional capital stock in the American Bank, and at the same time turned over to the acting president of the Citizens Bank certificates covering three hundred sixty shares of stock in the Citizens Bank to be used in making settlement for the two hundred

twenty-three shares subscribed for in the American Bank. The contract was approved by the stockholders of each bank on the 29th day of May, 1931, and on the following day all of the assets of the Citizens Bank were moved over and became a part of the assets of the American Bank, and on that date the Citizens Bank ceased to do business as a banking institution.

Thereafter, the claimant paid to the American Bank the difference required to complete the purchase of the two hundred twenty-three shares of stock in the American Bank and was listed as a stockholder on the books of that bank and received from that bank on July 1st a 4 per cent dividend on the two hundred twenty-three shares.

The American Bank, after acquiring the Citizens Bank, and having changed its name to the American Savings Bank & Trust Company, in pursuance of the provisions of the merger contract, continued in operation until about the 1st day of October, 1931, when the superintendent of banking was appointed its receiver and took charge of it for liquidation as an insolvent institution.

Appellant in this case filed a claim in the receivership. The first count alleges that the American Bank took appellant's liquidating dividend of $160 per share on three hundred sixty shares of stock in the Citizens Bank, and the cash he paid in to complete the purchase, amounting to about $400, or a total of $58,020, as trustee. In a second count of his claim it is alleged that the American Bank took the assets of the Citizens Bank, as trustee, for the benefit of the creditors of the Citizens Bank, and asked that his claim be established against such assets. The claim is based upon the theory that the merger contract was never completed, and that pending its completion, the American Bank's relation to what it had received under it was merely that of trustee, and that ownership of the funds paid for the stock remained in the subscriber and that the ownership of the assets of the Citizens Bank remained in the bank until the merger contract had been completed in all its details.

Affiliated with the American Bank was an independent corporation doing a trust and investment business, all the stock of which was held for the benefit of the stockholders of the American Bank in the proportion that said stockholders held stock in the American Bank. The contract of merger and consolidation provided that the stockholders of the Citizens Bank, who purchased stock in the American Bank, were to acquire by such purchase a pro rata equitable

interest in the stock of the affiliate. The contract further provided that the American Bank was to change its name to American Savings Bank & Trust Company, was to acquire trust powers, and that subject to the approval of the banking department, it was contemplated that the trust business held by the affiliate should be transferred to the bank, some change made in the capital structure of the affiliate, its name changed to reflect its loss of trust powers, and that it should continue in business only as an investment company. The claim that the contract of merger and consolidation had not been completed is based upon a failure to carry out the provisions with reference to the affiliate.

The case is a companion case to that of the same title in which Frank J. Riling was appellant, No. 42109, 219 Iowa 921, 258 N. W. 911. Both cases were submitted on substantially the same record. The evidence as to the contract and what had been done to perform it is identical in both cases, and reference is made to the opinion in that case for a more detailed statement of the general fact situation. Appellant here occupies almost the identical situation in this case that Frank J. Riling did in that case and is making the same claim. What is held in that case with reference to the terms of the contract, what had been done in performance of the contract, and the relation of the American Savings Bank & Trust Company to what it had received in pursuance of the contract, is equally applicable to this case. No useful purpose could be served by repeating it here. Suffice it to say that we held in that case that the merger contract had been performed according to its terms, that what the American Bank received in pursuance of the contract, both by way of subscription to its stock and as assets conveyed from the Citizens Bank, became the property of the American Bank, and that the fact that it became the property of the American Bank necessarily negatives the idea that it was held by the American Bank as trustee for claimant. We held further in that case that even though the merger contract had not been fully performed in all its details, it did not follow that the relation of the American Bank to what it had received with the consent of the other party to the contract and in a good faith effort to perform the contract was merely that of trustee. Our holding in that case is controlling here.

There is one circumstance which on the face of it might seem to distinguish this case from the one involving the Riling appeal. It will be noticed that the claimant describes himself as trustee. The

stock which was in his name in the Citizens Bank was held by him as trustee, and that fact was known to the American Bank. It appeared, however, by the testimony of the claimant himself, that the real owner of the stock was the Peoples Gas & Electric Company, and that the claimant, J. W. Walsh, and two other members of the Walsh family, to wit: Charley Walsh and Mark Walsh, constituted the board of directors of that company. It further appears from the testimony on behalf of claimant himself that when the merger contract was originally signed and before it was submitted to the stockholders of the Citizens Bank, the claimant met with the other directors of the company and went over the situation with them, and the claimant was instructed to execute the proxy and subscribe for stock in the American Bank, and that what he did in that respect was in pursuance of the authorization of the real owners of the stock. No question is, therefore, made on this appeal that the claimant, in dealing with the stock of the Citizens Bank or subscribing for stock in the American Bank to be paid for out of the liquidating dividend on the stock in the Citizens Bank, exceeded his authority or dealt with the trust property in a wrongful and unauthorized manner. It is not contended that the situation in that respect was any different from what it would have been if the claimant owned the stock in his own right.

There is one other respect in which the instant case differs somewhat from the Riling appeal. Riling was a resident of Burlington, Iowa, and the evidence in the case showed that he knew nothing of the failure to strictly perform all the provisions of the merger contract until after the failure of the American Bank. In the instant case, however, it appears that claimant had an office in the same building as the Citizens Bank, and that that building was either just across the street or in the same immediate neighborhood as the American Bank, and that he was familiar with what was being done to carry out the merger contract and knew what the situation was with reference to the affiliate when he received his dividend on July 1, 1931. In the instant case, this receipt and retention of dividends on the stock in the corporation with full knowledge of the situation would have to be held to be a waiver, at least as against creditors of the corporation, of any claim that the stock was not properly issued to him. Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531.

944

Since this court, upon the appeal of Riling, has determined the issues here involved adversely to appellant's contention, it follows that the judgment of the district court, approving the action of the receiver in disallowing appellant's claim, must be and is hereby affirmed.

All Justices concur, except DONEGAN, J., who takes no part.